Filed 6/3/21  P. v. Semore CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JONAS R. SEMORE,<br><br>        Defendant and Appellant. | A160169<br><br>(Humboldt County<br>Super. Ct. No. CR1502233B) |

Appellant Jonas R. Semore appeals an order denying his petition for resentencing pursuant to Penal Code[1] section 1170.95.  Appellant contends, and the Attorney General concedes, that the trial court erred when it found Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) unconstitutional and declined to hold an evidentiary hearing after it found that petitioner had established a prima facie basis for relief.  We agree and reverse.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

In September 2015, the district attorney filed an information charging appellant with the murder of David Ganfield.[2]  (§ 187, subd. (a)).  It was

---

[1] Undesignated statutory references are to the Penal Code.

[2] The factual background underlying appellant's case is not relevant to the issues on appeal.

alleged that appellant and Nickolas Johnson struck Ganfield on the head multiple times with a baseball bat causing his death. The information further alleged that appellant had personally used a deadly and dangerous weapon in committing the murder. (§ 12022, subd. (b)(1)). Appellant was prosecuted for murder under two theories: malice aforethought and felony murder. The jury was also instructed on the principles of aiding and abetting, and uncharged conspiracy.

On May 27, 2016, the jury convicted appellant of one count of second degree murder and found not true the personal use allegation. Appellant was sentenced to a term of 15 years to life in state prison. We later affirmed appellant's conviction. (*People v. Semore* (May 27, 2018, A149481) [nonpub. opn.].)

In 2018, the Legislature enacted Senate Bill 1437, which took effect on January 1, 2019. (Stats. 2018, ch. 1015.) Among other changes, Senate Bill 1437 amended section 189 to limit liability for murder under a felony murder or natural and probable consequences theory to a person who is the actual killer, who "with the intent to kill" aids and abets the actual killer, or who is a major participant in the underlying felony and acted with reckless indifference to human life. (Stats. 2018, ch. 1015, §§ 1(f), 3(e); see § 189, subd. (e).) Senate Bill 1437 permits an individual convicted of murder under these theories to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts under certain enumerated procedures. (Stats. 2018, ch. 1015, § 4; see § 1170.95.)

In March 2019 appellant, representing himself, filed a petition to vacate his conviction and sentence under Senate Bill 1437. The trial court appointed counsel to represent appellant. Appellant's counsel filed a brief in support of the petition. The trial court thereafter found appellant had made

2

a prima facie showing that he was entitled to relief and issued an order to show cause.

In November 2019, the district attorney filed a motion to dismiss appellant's petition. The motion argued that Senate Bill 1437 is unconstitutional because it violates the separation of powers doctrine and improperly amends Propositions 7 and 115 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978); Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)).

Alternatively, the district attorney asserted that appellant was ineligible for relief under section 1170.95 because he was a major participant in the felony murder and had acted with reckless indifference to human life. The motion included as an exhibit a San Bernardino Superior Court decision invalidating Senate Bill 1437 on the ground that it violates Article I, section 28 of the California Constitution (the Victim's Bill of Rights Act of 2008, a.k.a., "Marsy's Law").

In his opposition, appellant asserted that he was entitled to an evidentiary hearing on the petition because the trial court had determined he had made out his prima facie case. He argued that Senate Bill 1437 is constitutional and contended that the district attorney had not shown beyond a reasonable doubt that he was a major participant in the underlying felony or that he had acted with reckless indifference to human life.

A hearing on the motion to dismiss was held in February 2020. Following the hearing, the trial court took the matter under submission. On April 30, 2020, the trial court filed its order denying defendant's petition on the ground that Senate Bill 1437 is unconstitutional. The court found that section 1170.95 contravenes the California Constitution by violating the constitutionally mandated separation of powers doctrine (Cal. Const., art. III,

3

§ 3), the victim's right to finality of judgments in a criminal case (*id.,* art. I, § 28, subd. (a)(6)), and the right of the People to a trial by jury (*id.,* art. I, § 16). This appeal followed.

## II. DISCUSSION

### A. Senate Bill 1437 and Section 1170.95

"Effective January 1, 2019, Senate Bill 1437 amended murder liability under the felony-murder and natural and probable consequences theories. The bill redefined malice under section 188 to require that the principal acted with malice aforethought. Now, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*People v. Turner* (2020) 45 Cal.App.5th 428, 433 (*Turner*).) The bill also amended section 189 to provide that a defendant who was not the actual killer and did not have an intent to kill is not liable for felony murder unless he or she "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(3).)

Senate Bill 1437 also enacted section 1170.95, which authorizes "[a] person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" so long as three conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner

4

could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subds. (a)(1)-(a)(3).) Any petition that fails to make "a prima facie showing that the petitioner falls within the provisions of [section 1170.95]" may be denied without a hearing. (§ 1170.95, subds. (c) & (d).)

## B. Section 1170.95 is Constitutional

Appellant contends the trial court erred in finding section 1170.95 unconstitutional. The Attorney General agrees, as do we.

We concur with the numerous Court of Appeal decisions that have held that Senate Bill 1437 is constitutional. (See, e.g., *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 264, 266 [Senate Bill 1437 does not violate separation of power principles or Marsy's Law]; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275 [Senate Bill 1437 is constitutional because it does not amend voter approved initiatives]; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747 [same]; *People v. Solis* (2020) 46 Cal.App.5th 762, 769 [same]; *People v. Bucio* (2020) 48 Cal.App.5th 300, 313-314 [Senate Bill 1437 does not violate separation of power principles or any rights conferred under Marsy's Law]; *People v. Johns* (2020) 50 Cal.App.5th 46, 66-69 [same]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 219-222 [same].)

The trial court also found Senate Bill 1437 unconstitutional because it deprives the prosecution of the right to a jury trial. Article I, section 16 of the California Constitution provides in pertinent part: "Trial by jury is an inviolate right and shall be secured to all. . . . A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel." Appellant observes that neither he nor the district attorney had challenged section 1170.95 on the ground that it denied the state (or appellant) the right to a jury trial, and therefore the

5

issue was not ripe for adjudication. In *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156-1157, the Court of Appeal rejected the argument that the petition procedure of section 1170.95 violates a petitioner's right to trial by jury. The Attorney General here concedes that "by parity of reasoning" the same can be said of the prosecution's right to trial by jury. (See also *People v. Sims* (1982) 32 Cal.3d 468, 483, fn. 13 ["The scope of the prosecutor's right to a jury trial in criminal cases is unclear and has never been fully addressed by this court."]) To the extent this issue was ripe for adjudication by the trial court, we agree with the parties that the prosecution's right to jury trial was not violated by section 1170.95's petitioning process.

## C. The Trial Court Must Hold an Evidentiary Hearing

We agree with the parties that the trial court erred in failing to hold an evidentiary hearing on appellant's petition for resentencing under section 1170.95 after finding that he had established a prima facie basis for relief.

Section 1170.95, subdivision (d), prescribes the procedure after the court issues an order to show cause. "[T]he court *shall* hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been sentenced" (§ 1170.95, subd. (d)(1), emphasis added), unless the parties "stipulate that the petitioner is eligible to have his or her murder conviction vacated and for resentencing" and waive a resentencing hearing (*id.,* subd. (d)(2)). At such hearing, the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing, and "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Id.,* subd. (d)(3).) "If the

6

prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

Although the trial court issued an order to show cause, it did not hold an evidentiary hearing because it erroneously concluded that section 1170.95 was unconstitutional. Accordingly, we remand this matter to the trial court with instructions to hold an evidentiary hearing on appellant's petition.

## II. DISPOSITION

The order denying appellant's petition is reversed. The matter is remanded to the trial court to conduct an evidentiary hearing on appellant's section 1170.95 petition.

_____

SANCHEZ, J.

We concur.

_____

HUMES,  P.J.

_____

MARGULIES, J.

(A160169)